*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TEB.

MAYELLEN FOWLER,

UNPUBLISHED
May 27, 2025
2:05 PM

Petitioner-Appellee,

v

No. 372913
Lenawee Probate Court
LC No. 16-049751-MI

TEB,

Respondent-Appellant.

Before: M. J. KELLY, P.J., and SWARTZLE and ACKERMAN, JJ.

PER CURIAM.

The probate court concluded that respondent was a person requiring mental-health treatment and, in July 2024, entered an order for involuntary treatment. Respondent appeals this July 2024 order; in a separate appeal, respondent also challenges a subsequent order entered by the probate court in January 2025. Because the present appeal involves an expired order, and respondent has failed to point this Court to any *practical* legal consequences that will follow from this expired order, we dismiss the present appeal as moot.

For purposes of this appeal, a thumbnail sketch of the facts will suffice. During an appointment in June 2024, respondent's psychiatrist recommended that respondent be evaluated at a hospital. Respondent was hospitalized, and petitioner subsequently filed a petition seeking a combination of hospitalization and assisted outpatient treatment for respondent. The probate court held a hearing, and, in July 2024, the court entered an order that respondent be hospitalized. This July 2024 order expired in January 2025.

Respondent did not comply with the order for outpatient treatment, resulting in the entry of an order after notice of respondent's noncompliance. Respondent's mother filed an additional petition for involuntary mental-health treatment in January 2025, which the probate court granted that same month.

-1-

Respondent now appeals the July 2024 order. He argues that the probate court reversibly erred by entering that order. In response, petitioner maintains that the present appeal is moot.

"A matter is moot if this Court's ruling cannot for any reason have a practical legal effect on the existing controversy." *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). (cleaned up). The mere expiration of an involuntary-treatment order is not, however, sufficient to show that there is not a live dispute. If there remain collateral legal consequences that follow from the mere issuance of the order, then the dispute is not moot. *Id*. at 179. Further, even if a claim is moot, this Court may consider the claim if it is "publicly significant, likely to recur, and yet likely to evade judicial review." *Christenson v Secretary of State*, 336 Mich App 411, 418; 970 NW2d 417 (2021) (cleaned up).

Respondent's claim is, indeed, moot. The July 2024 order has expired by its own terms, the probate court entered a subsequent involuntary-treatment order in January 2025, and respondent has appealed that order. See *In re TEB* (Docket No. 374573). Thus, this Court cannot order any relief in the present appeal that would have a practical effect on respondent's involuntary treatment.

As for collateral legal consequences, in reply to petitioner's argument on mootness, the sole consequence to which respondent specifically points this Court is his inability to possess a firearm lawfully. In the mine-run of similar cases, this consequence might well be sufficient to overcome mootness, see *In re Tchakarova*, 328 Mich App at 179, but here, (a) respondent has had multiple prior involuntary treatments/hospitalizations, (b) there is no record of those orders being appealed or otherwise challenged, and (c) the time for doing so has since lapsed. Thus, even if respondent were successful in the present appeal, he would still not be able to possess a firearm lawfully.

Respondent briefly notes that, in addition to the firearm restrictions, "there are other potential downsides to having even an expired mental health order on one's record which could potentially impact employment and other opportunities." Respondent has not, however, relied on any legal authority or further developed this assertion, and, accordingly, he has abandoned the argument. See *Johnson v Johnson*, 329 Mich App 110, 126; 940 NW2d 807 (2019). Finally, the merits of respondent's involuntary treatment will not, in a practical sense, evade appellate review, given respondent's appeal of the probate court's January 2025 order.

Dismissed as moot.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman